MARY E. PURDY v. STEPHEN PURDY'S EXRS.

**Wills — Inhibition — Assignment of Legacy.**

By the terms of a will, a legacy was made to minors, payable to them when they arrived at the age of twenty-one years, respectively, and concludes with the following clause: "But in no event shall the mother of said five last named children inherit or have any part of said fund; but in case any one of the children dies before receiving the bequest, then those living shall have it in equal parts." *Held,* that this does not prohibit the assignment by one of said heirs to the mother, of his interest, after he had become twenty-one years of age, the amount of the legacy due to him not having been paid up to the time of said assignment.

**Same.**

No provision being made in a will to affect the disposition of a legacy to a minor after he became of age, it is held to become the property of the legatee in fee simple and may be disposed of at that time in any manner he may prescribe.

APPEAL FROM MARION CIRCUIT COURT.

January 15, 1867.

OPINION OF THE COURT BY JUDGE PETERS:

Stephen Purdy, sr., bequeathed to his grandchildren, Stephen Purdy, jr., Samuel Purdy, Elvira Purdy, John Purdy, and Jane Purdy, children of his son, John Purdy, deceased, the sum of $200 each, to be paid out of the last payment of the purchase money for his land, when they arrive at twenty-one years of age, respectively, and concludes the clause of his will, in which he makes the foregoing bequests, as follows:

"But in no event shall the mother of said five last named children inherit, or have any part of said fund; but in case any one of the children dies before receiving the bequest, then those living shall have it in equal parts."

This action was brought by Mary E. Purdy against B. F. and K. Purdy, executors of Stephen Purdy, sr., deceased, on the 3d of August, 1865. And she alleges in her petition, that she is the mother of Stephen Purdy, jr., to whom $200 were bequeathed by said testator, that her said son attained to the age of twenty-one years on the 27th of July, 1861, and on the 16th of August, 1861,

he assigned to her the money bequest of $200, bequeathed to him by his grandfather, with the interest that had accrued thereon. That the money for the sale of the land, directed by said testator to be sold to raise a fund to pay said legacy, with others, had long since been collected, but that the executors had refused to pay said legacy, and she, therefore, prayed judgment against them for the same.

Appellees filed their answer in which they admit all the allegations of the petition except the right of appellant to the legacy claimed, and they resist her right to recover, because of the alleged inhibition in the will of Stephen Purdy, sr., before quoted, and upon the further ground that Stephen Purdy, jr., the legatee, had departed this life before the institution of this suit, and that the legacy to him, upon his death, passed to his surviving brothers and sisters.

The court below adjudged that as Stephen Purdy, jr., was dead, his mother took nothing by his assignment to her, and dismissed her petition with costs, from which she has appealed.

When deceased made the assignment to his mother he had an unquestioned right to his legacy, and might have collected it, and given it to her, or made any other disposition of it that seemed to him right or proper, and by the assignment of it to her it was an appropriation of it by him, and was as effectual to invest her with the right thereto as if he had received the money and then handed it over to her.

By the terms of the will this legacy was not due, and was not to be paid to the legatee until he arrived at twenty-one years of age, and if he died before that period it was to go to his surviving brothers and sisters; but there is nothing in the will indicating an intention on the part of the testator that he should be restricted or controlled in any manner in the use he should make of it, after he had attained to full age; if the testator had intended to restrict him in the disposition of it, after that period, he would most probably have withheld from him the principal, and provided for the payment of the interest, or profits, over to him during his mother's life.

We, conclude, therefore, that, appellant, by the assignment of the legacy to her by Stephen Purdy, jr., became entitled thereto, and the court below erred in dismissing her petition.

Wherefore, the judgment is reversed, and the cause remanded

with directions to render judgment for appellant against appellees for $200, the amount of the legacy bequeathed to Stephen Purdy, jr., by his grandfather, Stephen Purdy, sr., with interest from the 27th of July, 1861, the day on which he attained to twenty-one years of age, until paid, and her costs to be levied of assets, etc., and for further proceedings consistent with this opinion.